Case 2:24-cv-00235   Document 17   Filed on 10/23/25 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
October 23, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MELANIE RAMOS, | § | |
| | § | |
| Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 2:24-CV-00235 |
| | § | |
| FRANK BISIGNANO, | § | |
| | § | |
| Defendant. | § | |

### ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is Magistrate Judge Mitchel Neurock's Memorandum and Recommendation ("M&R"). (D.E. 15). The M&R recommends that the Court affirm the decision of the Commissioner and dismiss this case with prejudice. *Id.* at 1. Plaintiff has filed written objections to the M&R. (D.E. 16).

After review, the Court **OVERRULES** Plaintiff's objections, (D.E. 16), and **ADOPTS in whole** the findings and conclusions of the M&R, (D.E. 15).

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). A party must point out with particularity any alleged errors in the magistrate judge's analysis. *Pelko v. Perales*, No. 23-CV-00339, 2024 WL 1972896, at *1 (S.D. Tex. May 3, 2024) (Ramos, J.). Objections that merely re-urge arguments contained in the original briefing are not proper and will not be considered. *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993). Moreover, "[f]rivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1416 (5th Cir. 1996) (en banc), *superseded*

*by statute on other grounds*, 28 U.S.C. § 636(b)(1).

As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

Plaintiff raises two objections to the M&R. (D.E. 16, p. 2, 4). The Court addresses each in turn. Plaintiff first objects that the M&R failed to address "Plaintiff's alleged error regarding the lack of environmental and manipulative limitations." *Id.* at 2. Specifically, although the M&R addressed Plaintiff's argument regarding the ALJ's failure to consider mental limitations, Plaintiff argues the M&R "ignore[d] Plaintiff's issue regarding both environmental and manipulative limitations" in its analysis. *Id.*

In her opening brief, Plaintiff stated that "[t]he ALJ included no environmental, manipulative, or mental limitations." (D.E. 11, p. 9). However, in the subsequent analysis explaining the ALJ's purported error, Plaintiff focused on the ALJ's lack of discussion regarding her "non-severe mental impairments, the mental limitations recognized by the ALJ, and the medical evidence related to Plaintiff's mental limitations." *Id.* This lack of discussion, Plaintiff asserted, "leaves the reviewing Court unable to determine whether the ALJ properly considered the restrictions of Plaintiff's non-severe mental impairments and mental limitations in determining Plaintiff's RFC." *Id.* In her analysis, Plaintiff makes no mention of environmental or manipulative limitations, let alone an argument regarding any failure on the part of the ALJ to consider those limitations, or how that error resulted in harm. *See id.* The argument that the ALJ erred by failing to consider environmental or manipulative limitations is therefore a new argument presented for the first time in response to the M&R and is not properly before the Court. *McPeak-Torres v. Texas*, No. CV G-12-075, 2015 WL 12748276, at * 1 (S.D. Tex. Jan, 22, 2015) (Costa, J.); *see*

*also Freeman v. Cnty. of Bexar*, 142 F.3d 848, 851 (5th Cir. 1998) ("[A] party who objects to the magistrate judge's report waives legal arguments not made in the first instance before the magistrate judge."). Accordingly, the Court **OVERRULES** this objection.

Plaintiff next objects to the M&R's conclusion that the ALJ's failure to consider mental limitations amounted to harmless error. (D.E. 16, p. 4). Plaintiff argues that she "cannot be expected to posit what could have been when the ALJ fails to comply with the controlling law and does not include the required discussion in his opinion," and asserts that the M&R's conclusion regarding harmless error constitutes "impermissible *post hoc* reasoning." *Id.* at 5. In essence, Plaintiff contests the application of harmless error review, arguing that she "cannot know the extent of the harm caused by the ALJ's error." *Id.* Courts in the Fifth Circuit "must apply a harmless error analysis in evaluating the effects of an ALJ's purported failure to consider certain evidence." *Williams v. Colvin*, No. CV H-15-82, 2016 WL 1182220, at *8 (S.D. Tex. Mar. 28, 2016) (Miller, J.) (citing *Audler v. Astrue*, 502 F.3d 446, 448 (5th Cir. 2007)). Plaintiff makes no argument that the M&R erred in its application of that standard. *See* (D.E. 16, p. 4–5). Accordingly, the Court **OVERRULES** Plaintiff's objection.

Having reviewed the proposed findings and conclusions of the M&R, the record, the applicable law, and having made a de novo review of the portions of the M&R to which Plaintiff's objections are directed, 28 U.S.C. § 636(b)(1)(C), the Court **OVERRULES** Plaintiff's objections, (D.E. 16), and **ADOPTS** the findings and conclusions of the M&R, (D.E. 15). Accordingly, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this case with prejudice. The Court will enter final judgment separately.

SO ORDERED.

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
October 23rd, 2025